DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**HECTOR HERNANDEZ SAVCEDO,** )<br>)<br>**Defendant.** )<br>) | Case No. 3:19-cr-0039 |

### ORDER

**BEFORE THE COURT** is Defendant Hector Hernandez Savcedo's ("Savcedo") Motion to Continue Sentencing Hearing, filed on November 8, 2020. (EFC No. 178.) Savcedo sentencing hearing currently scheduled for November 19, 2020. Savcedo, through his counsel, requests that his hearing be continued to a date after January 11, 2021, or in the alternative, to permit Savcedo to appear at the hearing via video teleconference ("VTC").

In his motion, Savcedo asserts that his attorney lives in Puerto Rico, where she homeschools her school-age children and is the "sole caretaker of her elderly parents." *Id.* at 1. Savcedo argues that the incidence of COVID-19 is rising dramatically in Puerto Rico and that the District Court there has continued all in-person civil and criminal hearings until at least January 11, 2021, due to the pandemic. Given counsel's familial circumstances, were counsel to fly to St. Thomas for Savcedo's sentencing hearing on November 19, 2020, a 14-day quarantine would be required upon her return to Puerto Rico, preventing her from tending to her family's daily needs during that period. Savcedo therefore requests a continuance for his sentencing hearing until at least January 11, 2021, or in the alternative, allowance for Savcedo to appear via VTC for his sentencing hearing on November 19, 2020.

Ordinarily, and pursuant to Federal Rule of Criminal Procedure 43, a "defendant must be present at . . . sentencing." Fed. R. Crim. P. 43(a)(3). However, due to the COVID-19 pandemic, Congress provided that under certain circumstances a sentencing may be conducted by video teleconference. On March 27, 2020, Congress passed the Coronavirus

Aid, Relief, and Economic Security Act ("CARES Act"). Among its many provisions, the CARES Act authorizes district courts to use video teleconferencing to hold felony sentencings with the consent of the defendant after consultation with counsel. *See* CARES Act, § 15002(b)(2), H.R. 748, 248-49; *id.* § 15002 (b)(4) ("Video teleconferencing . . . authorized under paragraph . . . (2) may only take place with the consent of the defendant . . . after consultation with counsel.").

Here, there is no indication that Savcedo has consented to appearing via VTC at his sentencing hearing. However, Savcedo has articulated a basis to continue the hearing due to COVID-19 conditions.

Accordingly, it is hereby

**ORDERED** that Defendant Savcedo's Motion to Continue Sentencing Hearing (ECF No. 178) is **GRANTED** in part and **DENIED** in part. Savcedo's request to appear at his sentencing hearing scheduled on November 19, 2020, by VTC is **DENIED without prejudice.** Savcedo's request to continue the sentencing hearing is **GRANTED;** it is further

**ORDERED** that Savcedo's sentencing hearing, currently scheduled for November 19, 2020, is hereby **RESCHEDULED** to January 21, 2021, at 9:00 A.M. in St. Thomas Courtroom 1.

**Dated:** November 10, 2020                               */s/ Robert A. Molloy*
                                                                      **ROBERT A. MOLLOY**
                                                                      **District Judge**